UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANDRE HUNTER MCGRAW, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-02251 |
| | ) |
| MICHAEL DOWNEY, | ) |
|     Defendant. | ) |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C § 1983 by Plaintiff Andre Hunter McGraw, who is currently detained at Jerome Combs Detention Center ("JCDC"). Plaintiff has also filed Motions for Counsel. (Doc. 5, 9.)

I.  **Complaint**

    A. **Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

In August 2022, Plaintiff feared for his life after another detainee took Plaintiff's property and told Plaintiff he was not returning the items. Plaintiff submitted three inmate request forms explaining the detainee's acts. About ten days later, the detainee threw urine in Plaintiff's cell. Plaintiff again submitted an inmate request outlining the detainee's actions and requested to be moved. Two JCDC officials told Plaintiff he was being transferred to a different housing area of JCDC. Plaintiff asked to be moved into protective custody because he had "problems" with the location of the proposed move. (Doc. 1 at 5.) The officials told Plaintiff no space was available in protective custody. Plaintiff asked to be moved to administrative segregation "to prevent being injured [by] other inmates." (*Id*. at 6.) The officials moved Plaintiff to the area they initially intended.

Sometime later, three other detainees wrestled Plaintiff to the ground and hit, bit, and threatened to kill Plaintiff. As a result, Plaintiff suffered a head wound. After Plaintiff returned from receiving stitches at a local hospital, correction officials Leduke, Menenga, Peach, Slueinski, and Taylor refused Plaintiff's request to be moved to protective custody. Plaintiff also claims that after he returned from the hospital, "they never tested me for sexual diseases from [the] bite" he suffered. (*Id*.)

### C. Analysis

State officials must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). "[T]o state a viable failure-to-

protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take [reasonably] available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016).

Plaintiff names Kankakee County Sheriff Michael Downey as a Defendant but does not mention Downey in his Complaint or, more importantly, state the specific acts or omissions to infer a constitutional violation against Downey. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Therefore, Plaintiff fails to state a claim against Defendant Downey.

The Court notes that Plaintiff mentions correction officials Leduke, Menenga, Peach, Slueinski, and Taylor but does not name them as Defendants. Even if he had, Plaintiff's account is insufficient to state a failure to protect claim against them. Plaintiff claims that after the three detainees attacked him but before being transported to a local hospital for medical care, Leduke, Menenga, Peach, Slueinski, and Taylor denied Plaintiff's request to place him in protective custody. However, Plaintiff does not state that upon his return to JCDC, he was located near his attacker or subjected to further harm based on the denial of his earlier request. *See Giles v. Tobeck*, 895 F.3d 510, 513 (7th Cir. 2018) ("[T]he official's response must be so inadequate that it amounts to a reckless disregard for the risk and 'effectively condones the attack.'") (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010)).

The objective-reasonableness standard for a pretrial detainee's claim for inadequate medical care in violation of due process rights under the Fourteenth Amendment requires that the court focus on the totality of facts and circumstances in the case and gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable. *McGee v. Parsamo*, 55 F.4th 563, 569 (7th Cir. 2022).

Plaintiff does not state a claim under the Fourteenth Amendment for not receiving medical testing as he does not provide any facts or describe the circumstances that would permit the Court to analyze whether an official's response was objectively unreasonable. Accordingly, the Court dismisses Plaintiff's Complaint, concluding that he fails to state a claim for relief.

Despite the Court's dismissal, the Court grants Plaintiff leave to file an amended complaint. If Plaintiff elects to file an amendment, that filing must contain a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Court does not accept piecemeal amendments. Plaintiff's amended complaint must stand independently without reference to his initial filing and contain all claims against all defendants. In other words, Plaintiff's amended complaint must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

## II.    Motions for Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances).

In considering Plaintiff's Motions for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court denies Plaintiff's Motions for Counsel because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Counsel (Docs. 5, 9) are DENIED.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

3) **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED May 30, 2023.

s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE